FILED
IN OPEN COURT

NOV - 4 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:16CR224 |
| | ) | |
| Dan Horsky, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations contained in the Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

### INTRODUCTION

1. Defendant Dan Horsky (hereinafter "Horsky" or "Defendant"), age 70, is a resident of Rochester, New York and a citizen of the United States, the United Kingdom and Israel. Since approximately 1974, the defendant has been employed as a professor of business administration at a university located in the state of New York.

2. Beginning in or about 2000 and continuing through in or about 2015, Horsky did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the United States to: (A) defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS") of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue; and (B) to willfully make and subscribe a 2013 IRS Form 8854 Initial and Annual Expatriation Statement ("Form 8854"), which was verified by a written declaration that it was made under the penalties of perjury and was filed

1

with the IRS, which Form 8854, the defendant's co-conspirator ("Individual A") did not believe to be true and correct as to every material matter in that the Form 8854 failed to accurately report Individual A's ownership of foreign assets and his net worth on the date of expatriation, and said Form contained other false statements, including a false answer to question 6, Part IV, in violation of Title 26, United States Code, Section 7206(1); all in violation of Title 18, United States Code, section 371.

### USE OF CONCEALED OFFSHORE FINANCIAL ACCOUNTS

3. Beginning in or about 1995, Defendant began investing in numerous start-up businesses by purchasing their stock through financial accounts including accounts at various offshore banks, including financial accounts located at an international bank located in Zurich, Switzerland ("International Bank"). Defendant purchased the stock in approximately 16 to 18 companies, most of which were not profitable investments. Defendant made some of these investments through an entity named "Horsky Holdings." These bad investments caused Defendant to incur more than $350,000 in credit card debt and led him to take out a second mortgage on his home.

4. Defendant used his Horsky Holdings account, and later, other accounts at International Bank for his investments so as to conceal his financial transactions and the financial accounts from the Internal Revenue Service and the U.S. Treasury Department.

5. Defendant continued to make investments in start-up companies, including one particular company (hereinafter referred to as "Company A"). Defendant continued to acquire Company A's stock through the Horsky Holdings account that Defendant maintained and controlled at International Bank. Defendant's purchases of Company A stock were funded by his own money, money provided by his father and sister, and margin loans from International

Bank. The value of Company A fluctuated widely with estimated worth going up to $4 Billion at one point and falling to $2 Million at another. Eventually Defendant had amassed a 4% interest in Company A's stock through his Horsky Holdings account at International Bank.

6. While Defendant directed the activities in his Horsky Holdings and other accounts maintained at International Bank, it was readily apparent in communications with employees of International Bank that Defendant was a resident of the United States. Further, International Bank representatives routinely sent emails to Defendant recognizing that Defendant was residing in the United States.

7. Beginning in 2011, and possibly early, Individual A held reportable signature authority over certain of Defendant's foreign financial accounts held at International Bank. In 2012, Individual A was given signature authority over Defendant's principal foreign accounts at International Bank and assumed the responsibility of providing instructions as to the management of the accounts at the direction of the Defendant. This arrangement was intended to conceal Defendant's beneficial interest in and control over these accounts from the IRS and the U.S. Department of Treasury.

8. In 2008, Company A was purchased by another company ("Company B") for $1.8 Billion in an all cash transaction. Defendant received approximately $80 Million in net proceeds from the sale of the Company A stock, after fees associated with the sale. Defendant disclosed to the IRS and paid income tax on only approximately $7 Million of his gain from the sale.

9. Between 2008 and the present, Defendant began to make additional purchases of Company B's stock using funds from his accounts at International Bank. The value of defendant Defendant's investment in Company B combined with his other unreported offshore assets reached approximately $200 Million (Two Hundred Million dollars) in or about 2013.

10. From in or about 2009 through 2015, Defendant willfully filed false U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2008 through 2014 which failed to disclose his income from, beneficial interest in, and control over several financial accounts maintained at International Bank and the full extent of his income and gains on assets in these accounts.

11. In 2013, Individual A, who was by then in nominal control over certain accounts maintained by Defendant at International Bank, expatriated from the United States, which was motivated, in part, to ensure that the Defendant's control of offshore financial accounts, including those maintained at International Bank, would not be reported to the IRS.

12. In or about 2014 and in furtherance of the conspiracy, Individual A willfully filed with the IRS a false 2013 IRS Form 8854 Initial and Annual Expatriation Statement which failed to disclose Individual A's net worth on the date of expatriation and his ownership of foreign assets, and said Form contained other false statements, including a false answer to question 6, Part IV.

13. The acts taken by the defendant, Dan Horsky, in furtherance of the offense charged in this case, including acts described above, were done willfully and knowingly with the specific intent to violate United States law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in the information nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under his plea agreement to provide additional information about this case beyond that which has been described in this statement of facts.

| | |
|---|---|
| Dana J. Boente<br>United States Attorney<br>Eastern District of Virginia | Caroline D. Ciraolo<br>Acting Assistant Attorney General<br>Tax Division |
| By: *(signed)* Mark D. Lytle<br>Assistant United States Attorney | By: *(signed)* Mark Daly by permission<br>Mark F. Daly<br>Senior Litigation Counsel<br>Nanette L. Davis<br>Senior Litigation Counsel |
| Date: 6/29/2015 | |

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Dan Horsky and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: June 29, 2015

*(signed)* Dan Horsky
Defendant

I am Mr. Horsky's counsel. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: June 29, 2015

*(signed)* Mark E. Matthews
Mark E. Matthews
Scott D. Michel
Counsel for the Defendant